UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WALTER ALLEN, LINDA ALLEN, and MEGAN ALLEN, ) ) ) Plaintiffs, ) ) v. ) ) VILLAGE PARTNERS, L.P., ) ) Defendant. ) | No. 3:06-CV-59 (VARLAN/GUYTON) |

## **MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the referral of the Honorable Thomas A. Varlan, United States District Judge, for a telephone conference regarding a discovery dispute. [Doc. 46] On January 22, 2008, the parties appeared before the Court telephonically for a hearing regarding the discovery dispute. Attorney J. Page Garrett appeared on behalf of the plaintiffs, and attorney Nathan D. Rowell appeared on behalf of the defendant. During the hearing, the Court **DIRECTED** the parties as follows:

> (1) The parties are **DIRECTED** to file an agreed proposed protective order with the Court within seven days of the entry of this Order. If, after meeting and conferring, the parties are unable to reach agreement on the specifics of the proposed order, they shall contact chambers to schedule a telephone conference to resolve any disputes over the proposed order.
>
> (2) The Court finds that, for the purposes of discovery, the plaintiffs' request for the production of documents covering the years 2000 through 2005 is appropriate. Additionally, defense counsel agreed during the telephone conference that documents would be produced for the year 2006 as well, even though documents for 2006 had not been formally requested. Accordingly, it is

**ORDERED** that within ten days after the entry of a protective order, the defendant shall produce the documents requested for the years 2000 through 2006. As the Court noted during the conference, the defendant cannot produce any documents that do not exist, and, should the defendant be unable to produce a requested document because of its nonexistence, the defendant is **DIRECTED** to clearly state such. Additionally, should any of the defendant's previous discovery responses need supplementation, the defendant is **DIRECTED** to include such supplementation with the other discovery being provided in accordance with this Order. Should it prove impossible for the defendant to produce the documents within the time provided, the defendant may file a motion requesting an extension of time. Any such motion should include an explanation, with appropriate evidentiary support, for why the discovery cannot be provided in the time allowed.

(3)     Finally, should any further discovery disputes arise during the pendency of this matter, the parties are **DIRECTED** to first meet and confer with the opposing party in an attempt to resolve the dispute. Should such a meeting fail to resolve the dispute, the parties are further **DIRECTED** to contact chambers to schedule a telephone conference in an attempt to informally resolve the dispute. If such a dispute has not been resolved after a telephone conference with the undersigned, the parties may file a formal motion at that time.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge