UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WALTER ALLEN, LINDA ALLEN, and )
MEGAN ALLEN, )
 )
      Plaintiffs, )
 )
v. ) No. 3:06-CV-59
 ) (VARLAN/GUYTON)
VILLAGE PARTNERS, L.P., )
 )
      Defendant. )

**MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 104] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the defendant's Motion in Limine [Doc. 70] and the plaintiffs' Motion for an Order Excluding Testimony of Defendant's Witness Daniel J. Gerding. [Doc. 73] The parties have advised chambers that they rely on their briefs in these matters. Accordingly, the Court will proceed without oral argument as to the two motions.

**I.    Standard of Review**

Both parties challenge the admissibility of the opposing party's expert under Rule 702 of the Federal Rules of Evidence and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), with the defendant challenging the expert qualification of James R. Noonan, the plaintiffs' accounting expert, and the plaintiffs challenging the qualification of Daniel J. Gerding, the defendant's architecture expert. Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The trial judge must act as a gatekeeper, admitting only that expert testimony that is relevant and reliable. Daubert, 509 U.S. at 589. With regard to scientific knowledge, the trial court must initially determine whether the reasoning or methodology used is scientifically valid and is properly applied to the facts at issue in the trial. Id. To aid the trial court in this gatekeeping role, the Supreme Court has listed several key considerations: (1) whether the scientific knowledge can or has been tested; (2) whether the given theory or technique has been published or been the subject of peer review; (3) whether a known error rate exists; and (4) whether the theory enjoys general acceptance in the particular field. Id. at 592-94. The Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." Id. at 595. "[T]he test under Daubert is not the correctness of the expert's conclusions but the soundness of his methodology." Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311 (9th Cir. 1995).

Although Daubert centered around the admissibility of scientific expert opinions, the trial court's gatekeeping function applies to all expert testimony, including that based upon specialized or technical, as opposed to scientific, knowledge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48 (1999); Berry v. City of Detroit, 25 F.3d 1342, 1350 (6th Cir. 1994). The trial court's objective "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire, 526 U.S. at 152. The trial judge enjoys

broad discretion in determining whether the factors listed in <u>Daubert</u> reasonably measure reliability in a given case. <u>Id.</u> at 153. With this framework in mind, the Court will now address the two motions.

**II.     James R. Noonan**

The defendant moves the Court to exclude the expert report and testimony of James R. Noonan, the plaintiffs' accounting expert. The defendant contends that Mr. Noonan is not qualified to opine in this area, and further argues that Mr. Noonan's expert disclosure was untimely. Defendant contends that Mr. Noonan lacks any sort of background in real estate finance, banking, or any other area which would allow him to opine on the use of real property to finance the improvements sought by the plaintiffs. The plaintiffs oppose the motion, arguing that their expert is qualified to express the proffered opinions and further argue that their expert disclosures were delayed by the defendant's delay in the production of requested financial information.

As to the issue of timeliness, the Court notes that the District Court's Order dated July 18, 2008, granted the plaintiff's request for an extension of the expert disclosure deadline to the extent that Mr. Noonan's disclosure would be considered as timely filed. [Doc. 97] Accordingly, the timeliness of Mr. Noonan's disclosure has already been addressed.

As to Mr. Noonan's experience and qualifications, a review of Mr. Noonan's resume indicates that Mr. Noonan is a Certified Public Accountant, Certified Valuation Analyst, Certified Managerial Accountant, and has a B.S. and an M.B.A. in Finance. [Doc. 79-2] After reviewing the expert report of Mr. Noonan, the Court finds that the opinions offered by Mr. Noonan are primarily financial in nature, relying upon a review of the financial records of the defendant, and are such that an extensive background in real estate finance is not needed. To the extent that Mr. Noonan's lack

of specific real estate experience might affect the weight of Mr. Noonan's testimony, the Court notes that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596. Accordingly, the defendant's motion [Doc. 70] is hereby **DENIED**.

### III. Daniel J. Gerding

The plaintiffs move the Court to exclude the expert report and testimony of Daniel J. Gerding, the defendant's architectural expert. Plaintiffs contend that Mr. Gerding's report lacks any indication that it is based upon sufficient facts or data, that it is not relevant because it fails to specifically identify what "requested modifications" it applies to, and that the December, 2007, supplement to Mr. Gerding's report was untimely and insufficient. The defendant opposes the motion, arguing that Mr. Noonan's expert disclosure is sufficient.

With respect to the timeliness of the December, 2007, supplement, the Court finds that while the supplement was untimely, given that the plaintiff was allowed to make an expert disclosure in April, 2008, the Court will consider the December, 2007, supplement to be timely.

As to the basis for Mr. Gerding's opinions, Mr. Gerding's supplemental disclosure indicates that Mr. Gerding is "intimately familiar with the [real property at issue], being one of its owners." [Doc. 74-3] Given Mr. Gerding's "intimate' familiarity with the property, premised on his ownership of the property, and given Mr. Gerding's twenty years of experience as an architect [Doc. 74-2], the Court finds that the defendant has, in this specific instance, provided the minimal basis for Mr. Gerding to offer an opinion in this matter. See Fed. R. Evid. 702 Adv. Comm. Note (2000) ("[i]n certain fields, experience is the predominant, if not sole, basis for a great deal of reliable

4

expert testimony"); Byrne v. Gracious Living Indus., No. 01 Civ. 10153, 2003 U.S. Dist. LEXIS 2552, at *1 (S.D.N.Y. Feb. 25, 2003) (Despite a lack of "empirical testing," expert's "opinion as to the manufacturing defect issue is sufficiently reliable-given his expertise and its foundation on observable conditions of the subject chair to leave the matter to the jury."). In so ruling, the Court in no way approves of the defendant's minimal efforts to comply with the rules governing expert disclosures, and certainly the safer, and expected, practice is to fully disclose the factual basis for an expert's opinions. However, given Mr. Gerding's experience as an architect, and given his experience with the property in question, the Court will not, in this instance, require the defendant to further supplement Mr. Gerding's disclosure.

As to the relevance of Mr. Gerding's opinions, the Court finds that Mr. Gerding's opinions are relevant, as they relate to the "requested modifications and barrier removal." It is clear from the expert disclosure that Mr. Gerding is addressing the issues raised by the plaintiffs in their complaint. While it is true that Mr. Gerding's report was issued before the plaintiffs' own architectural expert's report, the Court notes that Mr. Gerding's initial expert disclosure complied with the District Court's Scheduling Order. Given that the plaintiffs did not comply with the original expert disclosure deadline with their architectural expert, Mr. Falconnier, the Court does not fault Mr. Gerding's report for failing to specifically address the opinions of Mr. Falconnier. However, the Court finds that Mr. Gerding is limited to his previously disclosed opinions, and thus cannot offer expert testimony on the opinions of Mr. Falconnier, except to the extent that such expert testimony falls within the scope of the opinions expressed in Mr. Gerding's previously produced disclosures.[1]

---

[1]The Court notes that it only has before it Mr. Gerding's original and supplemental expert disclosures. If any further expert disclosures have been made by Mr. Gerding that specifically address the opinions of Mr. Falconnier, Mr. Gerding would be able to offer those opinions at

5

As to Mr. Gerding's ownership of the property in question, the Court finds that such an issue goes to the weight to be afforded Mr. Gerding's testimony, not its admissibility. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

Accordingly, for the reasons set forth above, the plaintiffs' motion [Doc. 73] is hereby **DENIED**. However, the Court finds that Mr. Gerding is limited to his previously disclosed opinions, and thus cannot offer expert testimony on the opinions of Mr. Falconnier, except to the extent that such expert testimony falls within the scope of the opinions expressed in Mr. Gerding's previously produced disclosures.

---

trial.

### III. Summary

Accordingly, for the reasons set forth above, the motions [Docs. 70, 73] are hereby **DENIED**. However, the Court finds that Mr. Gerding is limited to his previously disclosed opinions, and thus cannot offer expert testimony on the opinions of Mr. Falconnier, except to the extent that such expert testimony falls within the scope of the opinions expressed in Mr. Gerding's previously produced disclosures.

**IT IS SO ORDERED.**

**ENTER:**

_s/ H. Bruce Guyton_
United States Magistrate Judge