UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WALTER ALLEN, LINDA ALLEN, and | ) | |
|---|---|---|
| MEGAN ALLEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO.: 3:06-CV-59 |
| | ) | (VARLAN/GUYTON) |
| VILLAGE PARTNERS, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

This civil action is before the Court on defendant's Motion for Summary Judgment [Doc. 24; *see also* Doc. 25]. Plaintiffs responded in opposition [Doc. 34; *see also* Docs. 35; 36]; defendant filed a reply [Doc. 37]; and plaintiffs filed a sur-reply [Doc. 49; *see also* Docs. 72; 72-2; 78; 115]. Thus, this matter is now ripe for determination. The Court has carefully considered the pending motion, along with the parties' briefs, affidavits, expert reports, and other relevant filings. For the reasons set forth herein, defendant's motion for summary judgment [Doc. 24] will be granted in part and denied in part.

**I.     Relevant Facts**

As the Court is required to do in reviewing a motion for summary judgment, all facts will be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff Megan Allen has severe cerebral palsy and uses a power wheelchair for mobility. Plaintiffs Walter Allen and Linda Allen are Megan Allen's parents. Defendant

Village Partners, L.P. is the owner and/or operator of The Village, a shopping center located at 634 Parkway, Gatlinburg, Tennessee 37738. Plaintiffs have visited The Village on several occasions, including during a trip to Gatlinburg, Tennessee from February 18-20, 2005, and desire to visit it again in the future. Plaintiffs claim that defendant discriminated and continues to discriminate against plaintiff Megan Allen in violation of the Americans with Disabilities Act ("ADA") by failing to provide full and equal access to its facilities, programs, goods, and services. Plaintiffs also claim that defendant engaged in an unfair act or practice in violation of Tennessee Consumer Protection Act ("TCPA"). Plaintiffs seek declaratory and injunctive relief, an award of a reasonable amount of damages and attorney fees, court costs, and litigation expenses.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby,*

2

*Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.* To defeat a motion for summary judgment, the opposing party "may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson*, 477 U.S. at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

## III. Analysis

Defendant moves for summary judgment on the ground that plaintiffs' claims are barred by the applicable statutes of limitations, plaintiffs' claims under the ADA fail because plaintiffs cannot show that improvements required to make The Village wheelchair assessable are readily achievable, and plaintiffs cannot sustain a claim under the TCPA.

### A. Statute of Limitations

Claims under both the ADA and the TCPA have one year statutes of limitations. *See* Tenn. Code Ann. §§ 28-3-104 (ADA); 47-18-110 (TCPA). Plaintiffs' amended complaint

states that Walter, Linda, and Megan Allen all visited The Village during a February 18-20, 2005 trip to Gatlinburg, Tennessee. This statement is supported by Walter Allen's and Megan Allen's affidavits. [Docs. 35-2; 49-2.] Plaintiffs filed this action on February 13, 2006. Accordingly, taking the facts in the light most favorable to plaintiffs, plaintiffs filed this action prior to the expiration of the limitations period.

### B. Americans with Disabilities Act

Defendant argues that it is entitled to judgment as a matter of law on plaintiffs' claim under the ADA because the architectural modifications requested by plaintiffs are not readily achievable. Title III of the ADA prohibits discrimination on the basis of a disability in places of public accommodation. 42 U.S.C. § 12182(a). "[D]iscrimination includes . . . failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

The parties agree that The Village is a place of public accommodation and an existing facility under the ADA. The dispute is over whether the architectural modifications that would allow plaintiffs Megan Allen access to The Village are readily achievable. The ADA expressly discusses the determination of what is readily achievable:

> The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable, factors to be considered include--
>
> (A) the nature and cost of the action needed under this chapter;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses

and resources, or the impact otherwise of such action upon the operation of the facility;

(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

The Sixth Circuit has not determined which party has the burden of proof as to whether removal of a barrier in an existing facility is readily achievable. *See Access 4 All, Inc. v. OM Mgmt., LLC*, 2007 WL 1455991, at *10 (May 15, 2007 S.D. Ohio). The Tenth Circuit considered this question and determined:

> Plaintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable, i.e., can be accomplished easily and without much difficulty or expense. If Plaintiff satisfies this burden, Defendant then has the opportunity to rebut that showing. Defendant bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable.

*Colo. Cross Disability Coal. v. Hermanson Family, Ltd.*, 264 F.3d 999, 1005-06 (10th Cir. 2001). The Eleventh Circuit has adopted the *Colorado Cross* burden-shifting framework. *See Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1274 (11th Cir. 2006). The Ninth Circuit disagreed with this burden-shifting framework, but only in regard to situations in which defendant argues that a modification is not readily achievable because it would offend historic preservation of the property. *Molski v. Foley Estate Vineyard &*

*Winery, LLC*, 2008 WL 2669696, at *3-4 (9th Cir. July 9, 2008). The Court is not aware of any other Circuit Court addressing this issue and will follow the burden-shifting framework as articulated in *Colorado Cross*.

Plaintiffs and defendant have each submitted expert evidence supporting their positions. Plaintiffs' expert report of Damon Falconnier, an architect, states that barrier removal to allow The Village to become 89 percent accessible is readily achievable. [Doc. 35-5; *see also* Docs. 35-4; 72-2; 99.] The report states that currently 24 of the 27 shops and the restrooms at The Village are inaccessible to individuals who use wheelchairs due to steps and narrow doorways that block access to the shops and the steep grade and narrow stalls that make the restrooms inaccessible. [Doc. 35-5; 72-2.] The modifications suggested by plaintiffs include adding ramps and widening the doorways of the shops where necessary and building an accessible unisex toilet room along the path of travel near Cherokee Orchard Road or widening the existing stalls and regrading the naturally occurring slope leading to the existing restrooms. [Doc. 35-5; 72-2.] Mr. Falconnier acknowledges that the modifications would also require a newly designed drainage system. [Doc. 35-5.]

Mr. Falconnier's report proposes a three phase modification plan to divide the cost. [Doc. 35-5.] The report estimates that the cost of the modifications during all three phases combined will be between $285,000 and $375,000 for a new unisex toilet and creating an accessible path of travel to 23 of the shops.[1] [Doc. 35-5.] Mr. Falconnier updated his report

---

[1] Mr. Falconnier's affidavits [Docs. 72-2; 99] updating the cost estimates for phase 2 and proposing modification of the existing restroom provide a slightly different estimate.

with an affidavit which indicates that the cost for updating the existing women's restroom to provide an accessible stall would cost between $5,300 and $6,300. [Doc. 72-2.] It is unclear whether these calculations include the cost of modifying the grade of the path of travel leading to the restroom. These calculations do not include loss rent income due to possible store closures while the property is undergoing construction. [Doc. 72-2.] Plaintiff's expert report of James Noonan, an accountant, opines that defendant is able to afford barrier removal based upon defendant financial and tax information. [Docs. 79-3; 79-4; 79-5; 115.] Taking these expert reports as true, for the purpose of summary judgment, plaintiffs have met their initial burden of production.

In an attempt to rebut plaintiffs' evidence, defendant relies upon an affidavit from its expert, Dan Gerding,[2] an architect, who opines that plaintiffs' requested modifications and barrier removal are not readily achievable. [Doc. 24-2; *see also* Docs. 42-2; 74-2.] Mr. Gerding calculated the space needed for ramps and landings compliant with the ADA design guidelines. [Doc. 24-2.] Based upon these calculations, Mr. Gerding determined that the ramps required for access by persons in wheelchairs would extend into the public walkway and Mr. Gerding opines that this would create an unacceptable safety hazard that actually reduces accessibility to exterior portions of The Village. [Doc. 24-2.] Mr. Gerding also states that there is no readily achievable way to remove the naturally occurring slope up to

---

[2]Plaintiffs note that this expert has the same last name as a principle in Village Partners, L.P, Scott Gerding and attack his credibility on this basis. The Court also notes that Dan Gerding himself is a partner in Village Partners, L.P. The Court will not address this argument as it is not for the Court to decide issues of credibility at this time.

the existing restroom as The Village is located in a mountainous area. [Doc. 24-2.] Defendant and Mr. Gerding both make references to the "old world" architectural style of The Village though they do not specifically assert the style as an obstacle to readily achievable accessability. [*See* Docs. 24-2; 37.] Finally, defendant objects to plaintiffs' financial calculations as not taking into account expenses of The Village. [Doc. 37.] Defendant argues that even if defendant's income is as plaintiffs state it is, the modifications are still too costly to be readily achievable. [Doc. 37.]

As is apparent from the expert reports, the parties disagree over whether modifications making The Village accessible to persons using wheelchairs are readily achievable. The Court must not make credibility determinations or weigh the evidence when considering a motion for summary judgment. *Anderson*, 477 U.S. at 255. Without judging credibility and the accuracy of each expert's opinion, the Court cannot determine if defendant has met its ultimate burden of persuasion to show that barrier removal is not readily achievable. Because there are material issues of fact in dispute regarding plaintiffs' ADA claim, the Court will not grant summary judgment on plaintiffs' ADA claim.

### C.   Tennessee Consumer Protection Act

The TCPA makes "[u]nfair or deceptive practices affecting the conduct of any trade or commerce" unlawful. Tenn. Code Ann. § 47-18-104(a). The Act defines trade, commerce, or consumer transaction as "the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated." *Id.* at § 47-18-

103(11). The TCPA is to be liberally construed to protect consumers. *Ganzevoort v. Russell*, 949 S.W.2d 293, 297 (Tenn. 1997) (citation omitted).

Defendant did not engage in an unfair or deceptive act in connection with a commercial transaction with plaintiffs. Section 47-18-104(b) lists acts which are unfair and deceptive and affect the conduct of any trade or commerce. Tenn. Code Ann. § 47-18-104(b). The examples given in the list include practices that involve concealing material facts regarding the source, quality, value, age, and other similar characteristics of products for sale, false advertising, and unfairness in the return process. *Id.* Though the list is not exhaustive, the examples demonstrate that the Act is meant to prevent deception or unfairness which is directly related to a commercial transaction and not general deception or unfairness that is only remotely related to trade or commerce. *Id.*; *see also Sears Roebuck & Co. v. Emerson Elec. Co.*, 2003 WL 60573, at *11 (N.D. Ill. Jan. 7, 2003) (citing Tenn. Code Ann. § 47-18-104) (stating that the list "reveals that the Act is concerned with consumer transactions, particularly unfair sales and marketing techniques").

In support of their TCPA claim, plaintiffs state that,

> DEFENDANT'S depriving Plaintiffs from having full and free choice about where and how to trade with merchants at THE VILLAGE by not making its facilities, programs and services accessible to Plaintiff MEGAN ALLEN and by association her parents WALTER AND LINDA ALLEN constitutes an 'unfair act or practice' within the meaning of Tennessee Code Annotated § 47-18-104(a) and (b).

[Doc. 98.] During oral argument, plaintiffs argued that design of the restrooms, which prevents Megan Allen from using the restroom without assistance, is an unfair trade practice because Megan Allen cannot enjoy the benefits of The Village without the risk of physical

9

harm. Even if plaintiffs' claims are true and defendant unfairly excludes tourists in wheelchairs, thereby preventing the excluded tourists from having free choice regarding commercial transactions with merchants at The Village, this is not the type of practice made unlawful by the TCPA because any unfairness is not directly related to a commercial transaction. In fact, The Village does not engage in any commercial transactions with consumers. Accordingly, defendant is entitled to judgment as a matter of law on plaintiffs' claim under the TCPA.

### IV. Conclusion

For the reasons set forth herein, defendant's Motion for Summary Judgment [Doc. 24] is **GRANTED in part** and **DENIED in part**, whereby plaintiff's claim under the TCPA is **DISMISSED with prejudice**. The case will proceed to trial on plaintiffs' ADA claim.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE